IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ISRAEL PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:26-CV-092-H-BV |
| | § | |
| KELLY ROWE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Israel Perez moves for a preliminary injunction and temporary restraining order (TRO). Dkt. No. 7; *see* Dkt. No. 9 (asking for a TRO in his amended complaint). Perez asks the Court to prohibit Defendants from investigating and pursuing a pending criminal action against him. After considering Perez's motions and applicable law, the undersigned recommends that the United States District Judge **DENY** the motions without prejudice to his right to request injunctive relief in the future should circumstances change.[1] Dkt. Nos. 7, 9.

**1.    Legal Standard**

Rule 65(a) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The notice requirement "is mandatory." *Harris Cnty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (citation omitted).

---

[1] Perez has not consented to proceed before a magistrate judge. In accordance with 28 U.S.C. § 636(b), the undersigned enters these findings, conclusions, and recommendation (FCR).

Courts may issue a TRO under Rule 65(b) without notice to the adverse party, but only where (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant" before the adverse party can be heard, and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

In addition, a movant must meet other requirements to obtain injunctive relief. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any

2

one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief" (internal quotation marks and citation omitted)).

**2.   Analysis**

Perez has not shown that he notified Defendants of his request for a preliminary injunction.  On this basis alone, the request should be denied.  *See, e.g., CarMax*, 177 F.3d at 326; *Martinez v. Mathapathi*, No. 7:18-cv-00105-M-BP, 2018 WL 3763848, at *1 (N.D. Tex. July 17, 2018) (recommending denial of plaintiff's motion for preliminary injunction in part because he had not given notice to defendant), *R. & R. adopted by* 2018 WL 3752372 (N.D. Tex. Aug. 8, 2018).

Moreover, Perez has not satisfied the requirements to obtain a TRO without notice.  He does not allege that he will suffer irreparable damage before Defendants can be heard, nor does he certify in writing that he made efforts to give Defendants notice. Thus, his TRO request should be denied for failure to meet Rule 65(b)(1)'s elements.  *See Liccardi v. Smith*, No. 3:21-CV-0314-E (BH), 2021 WL 1649056, at *1 (N.D. Tex. Apr. 9, 2021) (recommending denial of plaintiff's motion for TRO based in part on her failure to satisfy Rule 65(b)'s requirements), *R. & R. adopted by* 2021 WL 1626503 (N.D. Tex. Apr. 27, 2021).

Even if Perez had satisfied the prerequisites, he would not be entitled to injunctive relief because he asks the Court to interfere with ongoing state criminal proceedings. Perez is apparently facing state criminal charges, including displaying a fictious license plate. Dkt. Nos. 1 at 27, 1-2 at 13. In March 2026, Perez was arrested based on a felony indictment. Dkt. No. 9 at 10. Now, Perez wants this Court to prohibit Defendants from using "unlawfully obtained evidence" and to "[p]revent further unconstitutional searches" related to these state criminal proceedings. Dkt. No. 7 at 4.[2] This relief is barred by the *Younger* abstention doctrine.

Under this doctrine, the court should "decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and citation omitted). If those criteria are met, the court may only enjoin the state criminal proceeding in the following circumstances:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) where other extraordinary circumstances threaten irreparable loss [that] is both great and immediate.

*Id.* (internal quotation marks and citation omitted).

---

[2] Page citations to Perez's filings refer to the electronic page number assigned by the Court's electronic filing system.

Here, all three *Younger* elements favor abstention. Perez asks this Court to involve itself in a pending state-court criminal action, as well as an ongoing investigation related to that action. Dkt. Nos. 7 at 2, 4; 7-1. Next, the state has a strong interest in enforcing state laws, including those related to licensing and registration of vehicles. Finally, Perez can assert challenges to the constitutionality of the searches and criminal proceedings in state court.

Perez asserts that *Younger* does not apply because the state criminal proceeding was brought in bad faith. *See* Dkt. No. 7 at 3. According to Perez, the evidence supporting the criminal action was "created unlawfully" and officers committed an unlawful, warrantless search to obtain the evidence. *Id.*

"A prosecution is taken in bad faith if state officials proceed without hope of obtaining a valid conviction." *Gates*, 885 F.3d at 881 (internal quotation marks and citation omitted). "[T]he bad faith exception is narrow and should be granted parsimoniously." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Perez's conclusory allegations do not prove that there is no "hope of obtaining a valid conviction" or that Defendants are harassing him. *Id.* at 880. Instead, Perez's allegations show that he is merely "seeking to short-circuit the usual prosecutorial process." *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1091 (5th Cir. 2023). Thus, the undersigned concludes the bad-faith exception does not apply. *See, e.g., Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) ("A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations

of constitutional rights are egregious—will not warrant the application of the bad faith exception."); *All Am. Check Cashing, Inc. v. Corley*, 191 F. Supp. 3d 646, 662 (S.D. Miss. 2016) (concluding the bad-faith exception did not apply where plaintiff "offer[ed] only speculation, but no proof, that the [defendant's] purpose in conducting its examination/investigation was other than legitimate").

In sum, the Court should abstain from asserting jurisdiction in this circumstance. Thus, Perez's requests for injunctive relief should be denied. *See Singh v. Wolf*, No. 20-cv-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) ("A party seeking injunctive relief cannot establish a substantial likelihood of success on the merits if the court concludes that it lacks jurisdiction." (internal quotation marks and citation omitted)), *R. & R. adopted by* 2020 WL 3421932 (W.D. La. June 22, 2020).

## 3. Recommendation

For these reasons, the undersigned recommends that the United States District Judge deny Perez's requests for a preliminary injunction and TRO. Dkt. Nos. 7, 9.

## 4. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation

6

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June ___, 2026.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE

7