UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ISRAEL PEREZ,

     Plaintiff,

v.

KELLY ROWE, et al.,

     Defendants.

No. 5:26-CV-092-H

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
<u>JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS</u>**

Before the Court are the Findings, Conclusions, and Recommendation (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch.  Dkt. No. 16.  Judge Burch recommends denying pro se plaintiff Israel Perez's motion for preliminary injunction and temporary restraining order (Dkt. No. 7) without prejudice to his right to seek injunctive relief in the future should circumstances change.  In short, Perez asks the Court to bar the defendants, various state officials, from investigating and pursuing criminal charges against him.  *See* Dkt. No. 7 at 4.  Perez timely objected to the FCR.  Dkt. No. 17.

The Court overrules the objections and adopts the FCR in full.  Perez has not shown a substantial likelihood of success on the merits because his request to interfere with ongoing state criminal proceedings is barred under the *Younger* abstention doctrine.  Thus, the Court denies Perez's motion for preliminary injunction and TRO (Dkt. No. 7).

**1.   Background**

    **A.   Factual Background and Procedural History**

On April 28, 2026, Perez sued over 20 state officials.  Dkt. No. 1.  Per the Court's standing orders, the case was automatically referred to Judge Burch.  Dkt. No. 2.

The next day, Perez filed the instant motion for preliminary injunction and TRO. Dkt. Nos. 7; 8. Apparently, Perez is facing state criminal charges, including displaying a fictious license plate. Dkt. Nos. 1 at 27; 1-2 at 13. And a few months ago, he was arrested on a state felony indictment. Dkt. No. 9 at 10. Through his motion, Perez asks the Court to prohibit the defendants "from on going [sic] investigations, enforcement and deprivations absent common law crime." Dkt. No. 7 at 4. He also wants to bar the defendants from using "unlawfully obtained evidence" and to "[p]revent further unconstitutional searches" related to the state criminal proceedings. *Id.* The motion does not explain what steps Perez took to notify the defendants of his request for injunctive relief, as required for issuance of an ex parte TRO under Federal Rule of Civil Procedure 65.

### B.    Judge Burch's FCR

After reviewing the motion, Judge Burch determined that Perez failed to satisfy the procedural requirements for seeking emergency injunctive relief. Dkt. No. 16 at 3. He had not shown that he notified the defendants of his request for a preliminary injunction. *Id.* Nor did he "allege that he will suffer irreparable damage before [d]efendants can be heard" or "certify in writing that he made efforts to give [d]efendants notice." *Id.* Accordingly, Judge Burch recommended denying the motion on those bases alone. *Id.*

But even if Perez satisfied Rule 65's requirements, the FCR continued, he would not be entitled to injunctive relief under the *Younger* abstention doctrine, which generally bars federal courts from interfering with ongoing state criminal proceedings. *Id.* at 4–6; *see Younger v. Harris*, 401 U.S. 37 (1971). Judge Burch conducted the full *Younger* analysis, concluding that (1) the state has a strong interest in enforcing its laws, (2) Perez can challenge the constitutionality of searches and criminal charges in state court, and (3) the

bad-faith exception to *Younger* abstention does not apply.  Dkt. No. 16 at 4–6.  Thus, Judge Burch recommended that the Court abstain from exercising jurisdiction.  *Id.* at 6.

Perez filed objections on June 14, 2026—two days after Judge Burch issued the FCR.  *See* Dkt. No. 17.  He also moved for an emergency injunction pending appeal, even though the Court had not yet ruled on the FCR.  Dkt. No. 18.[1]  Perez asserts that the FCR erred in its *Younger* analysis and that the Court should not deny his motion "[e]ven if procedural defects existed under Rule 65."  Dkt. No. 17 at 1–4.  On the latter point, Perez does not contest Judge Burch's conclusion that he failed to certify in writing "any efforts made to give notice [to the defendants] and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B); *see* Dkt. No. 16 at 3.

**2.    Legal Standard**

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendation only for plain error.  *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

When a party files objections, the Court must review those objected-to portions de novo.  28 U.S.C. § 636(b)(1); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994).  The district court may then accept, reject, or modify the recommendations

---

[1] Attached to the motion is a Notice of Appeal that purports to challenge the denial of Perez's motion for preliminary injunction and TRO, as well as the "District Court's order adopting the Findings, Conclusions, and Recommendation of the Magistrate Judge (if adopted)."  Dkt. No. 18-1 at 1.  But when Perez filed the purported Notice of Appeal, the Court had not yet denied his motion for injunctive relief nor resolved the FCR.  The Notice was therefore premature.

or findings, in whole or in part. Fed. R. Civ. P. 72(b)(3). Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022).

The district court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). And "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); then citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); and then citing *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003)).

## 3.   Analysis

The Court overrules Perez's objections and adopts the FCR in full.[2]

Setting aside Perez's apparent failure to comply with Rule 65's procedural requirements, he has not shown a likelihood of success on the merits given the *Younger* abstention doctrine. Judge Burch detailed why *Younger* counsels against exercising jurisdiction in these circumstances. Dkt. No. 16 at 4–6. Perez objects to the bad-faith analysis, arguing that the FCR "imposes an improperly heightened burden" by requiring

---

[2] The Court has reviewed all unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

him to prove bad faith at this early stage in the litigation.  Dkt. No. 17 at 2.  But having reviewed Perez's allegations de novo, the Court concludes that he has not "plausibly allege[d] facts showing bad faith" on the part of the defendants.  *See id.*  As Judge Burch explained, the "bad faith exception is narrow and should be granted parsimoniously."  Dkt. No. 16 at 5 (quoting *Gates v. Strain*, 885 F.3d 874, 881 (5th Cir. 2018)) (citation modified).  At most, Perez makes conclusory and speculative allegations about the defendants' motivations in enforcing valid state laws against him.  *See* Dkt. Nos. 8; 17.  Thus, he has not plausibly shown that the defendants are proceeding "without hope of obtaining a valid conviction," as required for application of the bad-faith exception.  *Gates*, 885 F.3d at 881 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Perez's remaining objections are frivolous, conclusory, or both.  For example, Perez asserts that the FCR erred by treating *Younger* abstention as "effectively mandatory," *see* Dkt. No. 17 at 2, but he fails to recognize that the doctrine works in that precise way.  *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met . . . .").  And Perez's others objections, including that the FCR mischaracterized the relief sought in the motion and failed to liberally construe his pro se filings, are not specific and unsupported by legal authority or citation to his complaint or the FCR.  *See* Dkt. No. 17 at 2–4.  Thus, the Court need not consider those objections.  *See Battle*, 834 F.2d at 421.  Lastly, Perez's new assertion that his claims "implicate structural Due Process of Law Violations" is presented for the first time in his objections and is not properly before the Court.  *See* Dkt. No. 17 at 3 (emphasis omitted).  And, in any event, that assertion is frivolous and underdeveloped.  Thus, the Court overrules Perez's objections.

**4.**      **Conclusion**

In sum, the Court overrules Perez's objections (Dkt. No. 17) and adopts the FCR (Dkt. No. 16) as the findings of the Court.  Accordingly, the motion for preliminary injunction and TRO (Dkt. No. 7) is denied without prejudice to Perez's right to seek injunctive relief should circumstances change.[3]  The emergency motion for injunction pending appeal (Dkt. No. 18) is also denied.

So ordered on June 17, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Perez seeks a TRO in his amended complaint (Dkt. No. 9), that request is also denied as recommended in the FCR.  *See* Dkt. No. 16 at 1.